REDMANN, Chief Judge.
The Louisiana Racing Commission appeals from a judgment overturning its disqualification of a racehorse and redistribution of the purse and breeder’s award. The issues are interpretation of a commission rule and authority for the commission’s action.
Racehorse Conge won a race and passed post-race drug testing. However, he had been allowed to run only because his failure of a pre-race phenylbutazone level test was, by mistake, not reported to the stewards. There can be no dispute that Conge should have been scratched as ineligible under Louisiana Rules of Racing 53.-43G. The dispute is over the application of the immediately following Rule 53.43H:
“The pre-race testing program so conducted at a designated track shall in no way change or interfere with the post-race testing program of the Commission. In the event of a conflict between pre-race and post-race tests, the post-race test governs and prevails.”
The trial judge, reversing the commission, reasoned that Rule 53.43H prevented holding the horse ineligible for failing the pre-race test, because the post-race test controls.
That is a misapplication of Rule 53.43H to facts to which it was never intended to apply. We adopt the reasoning of Commissioner Raymond Morgan. Allen:
“... the reason [Rule 53.43H] was put in there was very simply in the event that a horse passed the pre-race test and then failed the post-race test, that would solve it. But that doesn’t cover the reverse . situation because the horse should never, ever been in the race.... So, under the rules, you wouldn’t even have a post-race test.”
Conge’s owner argues that the Racing Commission had no authority to act in this matter on appeal from the stewards because the owners of the runner-up horses did not appeal within the five-day limit of R.S. 4:154 C from the stewards’ refusal (also on the basis of Rule 53.43H) to disqualify the ineligible winner. Conge’s owner further argues that the commission has no other authority to act in a matter such as this. We disagree.
*791 We conclude that R.S. 4:154 C is inapplicable:
“B. A final appeal, in the case of any person penalized, or disciplined by the stewards, may be taken to the commission.
“C. Such an appeal must be filed in writing at the office of the commission within five days of the date of said penalty or imposition of said discipline.” (Emphasis added.)
Ours is not a case of a “person penalized, or disciplined by the stewards.” More important, the five-day limit cannot apply because it runs only from the time a penalty or discipline is imposed, and no penalty or discipline was imposed here.
Nor is R.S. 4:154 C the only source of the commission’s authority. That the commission itself is to decide unanticipated eases is the express provision of R.S. 4:172 B:
“Should any case occur which may not be covered herein or by the Rules of Racing, it shall be determined by the commission and implemented by the stewards but only insofar as such determination is consistent with justice, the best interest of racing and with powers and authority herein granted; and when no penalty is provided, the stewards of the meeting are hereby given authority to exercise their full power, recommending to the commission the imposition of more severe penalties if, in their judgment, the penalty should be more drastic.”
The commission itself deemed this an unforeseen and unprovided-for case, declaring
“The protests of [the owners of the second and third horses] are unique and do not fall within the category of routine protests associated with racing.”
The commission was correct in all aspects of its ruling.
The judgment of the trial court is reversed.
BARRY, J., concurs and assigns reasons.
WARD, J., dissents and assigns reasons.